IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. SMITH,

      Plaintiff,                    No. CIV S-09-2800 GGH P

    vs.

DORA M. RIOS,

      Defendants.         ORDER

_____/

        Plaintiff is civilly committed to a state hospital and purports to have filed an action pursuant to 42 U.S.C. § 1983. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. The court cannot make this determination on the present record.

1

1    Therefore, the court reserves decision on these issues until the record is sufficiently developed.

2           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
3    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
4    (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
5    indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
6    490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
7    pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
8    Cir. 1989); Franklin, 745 F.2d at 1227.

9           A complaint must contain more than a "formulaic recitation of the elements of a
10   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
11   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
12   "The pleading must contain something more...than...a statement of facts that merely creates a
13   suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
14   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
15   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
16   v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
17   S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows
18   the court to draw the reasonable inference that the defendant is liable for the misconduct
19   alleged." Id.

20          Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519,
21   520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
22   Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se
23   plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
24   dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

25          Plaintiff alleges that defendant Dora M. Rios, his "public defender conflict
26   attorney," refused to confer with plaintiff in preparing his defense. Complaint, p. 3. Plaintiff

faults his attorney for failing to conduct an investigation or to subpoena witnesses or present exculpatory evidence. He claims that she provided ineffective assistance of counsel and he seeks his release and a new trial. Complaint, p. 3.

Plaintiff's filing is inapposite for a number of reasons. In the first place, plaintiff makes clear that he is a civil detainee pursuant to California's Sexually Violent Predator Act (SVPA) (Cal. Welf & Inst. Code § 6600, et seq.), although he claims to be under a sentence of "indefinite life." Id., at 3, 10. If plaintiff is civilly detained, he is not serving a life sentence, or, in fact, any prison sentence.[1]

In the second place, the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A public defender is not a state actor within the meaning of § 1983 in representing a client in the traditional adversarial role of a lawyer. Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003), citing Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445 (1981).

Third, if plaintiff is seeking to challenge the constitutionality of his current commitment and wishes to raise a claim for ineffective assistance of counsel, he must proceed as a petitioner by way of a petition for writ of habeas corpus under 28 U.S.C. § 2254. Plaintiff's complaint will be dismissed, but plaintiff will be granted leave to amend. Plaintiff will be provided with the form for filing a civil rights action and the form for filing a petition pursuant to 28 U.S.C. § 2254.

---

[1] At most, plaintiff may be civilly committed (pursuant to a single commitment) for a period of two years "for appropriate treatment and confinement in a secure facility." Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004), citing Cal. Welf & Inst. Code § 6604.

3

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to submit an amended filing, in the form of either an amended complaint or a petition for writ of habeas corpus, within twenty-eight days from the date of service of this order.  Failure to comply with this order will result in a recommendation that the action be dismissed.

3. The Clerk of the Court is directed to provide plaintiff with the appropriate form for filing a civil rights action under 42 U.S.C. § 1983 and the form for filing a habeas petition under 28 U.S.C. § 2254

DATED: February 25, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
smit2800.b