IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. SMITH,

        Plaintiff,                             No. CIV S-09-2800 FCD GGH P

    vs.

DORA M. RIOS,

        Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is civilly committed to a state hospital and purports to have filed an action pursuant to 42 U.S.C. § 1983. By Order, filed on February 25, 2010, plaintiff's claim was dismissed with leave to amend either under § 1983 or under 28 U.S.C. § 2254 by way of a petition for writ of habeas corpus.

        As plaintiff was previously informed, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

1

1  claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, ___ U.S.___, 129 S.Ct. 1937,
2  1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial
3  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
4  inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

5  Pro se pleadings are liberally construed. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519,
6  520-21, 92 S. Ct. 594, 595-96 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th
7  Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se
8  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
9  dismissal. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin</u>, 745 F.2d at 1230.

10  On the form for a civil rights complaint, plaintiff once again seeks to fault his
11  "public defender conflict attorney," Dora M. Rios, for ineffective assistance of counsel for, inter
12  alia, failing to adequately communicate with him (apparently before an SVP commitment
13  hearing/trial). Docket # 10, Amended Complaint, p. 3. He also faults her for failing to subpoena
14  witnesses on his behalf and for not contacting a John Podboy, Ph.D, presumably a potential
15  expert witness on plaintiff's behalf. Id. Plaintiff also claims to be a victim of double jeopardy,
16  averring that he served 22 years time for the underlying crime and only came under this current
17  commitment due to having violated parole on a "phony" conviction for failing to register by
18  having a can of beer. Id. Plaintiff asks for his sentence to be overturned and for a new trial. Id.,
19  at 7.

20  Plaintiff was previously informed that his § 1983 filing was inapposite for a
21  number of reasons:

22  > In the first place, plaintiff makes clear that he is a civil detainee
23  > pursuant to California's Sexually Violent Predator Act (SVPA)
24  > (Cal. Welf & Inst. Code § 6600, et seq.), although he claims to be
25  > under a sentence of "indefinite life." Id., at 3, 10. If plaintiff is
26  > civilly detained, he is not serving a life sentence, or, in fact, any

2

prison sentence.[1]

In the second place, the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  A public defender is not a state actor within the meaning of § 1983 in representing a client in the traditional adversarial role of a lawyer.  Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003), citing Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445 (1981).

Third, if plaintiff is seeking to challenge the constitutionality of his current commitment and wishes to raise a claim for ineffective assistance of counsel, he must proceed as a petitioner by way of a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Order, filed on February 25, 2010, p. 3.

Notwithstanding, plaintiff filed a purported amended § 1983 complaint, which should now be dismissed with prejudice for the reasons stated above.  "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Noll, 809 F.2d at 1448 (quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987).  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

However, leaving no stone unturned, plaintiff, also mixed within his amended filing, the form for proceeding as a petitioner on an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  Docket # 10, Petition, p. 4.  Petitioner asserts that he is

---

[1] At most, plaintiff may be civilly committed (pursuant to a single commitment) for a period of two years "for appropriate treatment and confinement in a secure facility." Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004), citing Cal. Welf & Inst. Code § 6604.

3

challenging an indefinite sentence imposed by a "conviction" on September 25, 2009, but also conflictingly states that he is currently under an SVP civil commitment (i.e., not a criminal conviction). Id. Petitioner asserts, nevertheless, that his petition challenging the commitment on grounds of ineffective assistance of counsel is currently pending in the state court's first appellate district. Id., at 5.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

It is apparent that petitioner himself has in essence conceded that he has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[3]

IT IS HEREBY RECOMMENDED that, to the extent that plaintiff intends to proceed by way of a civil rights action under 42 U.S.C. § 1983, this action be dismissed with prejudice; in the alternative, to the extent that plaintiff, as petitioner, seeks to proceed by way of 28 U.S.C. § 2254, this action be dismissed without prejudice for a failure to exhaust state court

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1 | remedies.

2 |       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff/petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff/petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 2, 2010                              /s/ Gregory G. Hollows

                                              GREGORY G. HOLLOWS
                                              UNITED STATES MAGISTRATE JUDGE

GGH:009
smit2800.fte